IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AVERY GRIGGS,<br>AIS # 221719, | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | ) CIVIL ACTION NO.<br>) 3:05-CV-782-A<br>) |
| GWENDOLYN MOSLEY, et al., | )<br>)<br>) |
| Respondents. | ) |

## ANSWER

Come now the Respondents, by and through the State of Alabama and, pursuant to this Court's order issued on August 17, 2005, make the following answer to the allegations contained in Grigg's instant §2254 petition:

1. In his federal habeas corpus petition filed in this Court on August 11, 2005, Griggs, who is presently incarcerated in Easterling Correctional Facility, attacks his December 3, 2001 conviction in Russell County of first-degree robbery and attempted murder on the following grounds:

    1. His right to access to the Courts was violated by the trial court's failure to grant him in forma pauperis status on his Rule 32 petition; and,

   2. The trial court violated his due process rights by sentencing him to consecutive life sentences for murder and robbery in violation of the prohibition against double jeopardy.

(Griggs's petition, page 5)

   2. Respondents aver the instant §2254 petition is due to be denied.

   3. Respondents deny that Griggs is entitled to any of the relief he has requested.

   4. Respondents aver that Griggs's petition is barred by the statute of limitation.

## PROCEDURAL HISTORY

   5. Avery L. Griggs was brought to trial in the Russell County Circuit Court on charges that he shot and robbed Demetrius Jackson, a car salesman from Columbus, Georgia, of a Lincoln Navigator automobile during a test drive of the automobile in Russell County, Alabama. On March 16, 2001, the Russell County Grand Jury issued indictments in case numbers CC-01-252 and CC-01-253 charging Griggs with first-degree robbery and attempted murder in violation of Alabama Code §§13A-8-41, 13A-4-2 and 13A-6-2 (1975). (Exhibit A, C. 1, 5-6, 107, 111-112) Griggs entered a plea of not guilty and waiver of arraignment on October 31, 2001. (Exhibit A, C. 3, 33, 37) On November 16, 2001, the cases

were consolidated on motion of the State. (Exhibit A, C. 1, 3, 11, 28, 107, 109, 119, 138)

6. The case came to trial before Judge George R. Greene on December 3, 2001. (Exhibit A, C. 3) At the conclusion of trial, the jury returned a verdict finding Griggs guilty of first-degree robbery and attempted murder, as charged in the indictments. (Exhibit A, C. 3, 76-77; R. 156) On February 21, 2002, the trial court sentenced Griggs to life in the state penitentiary in each case and ordered the sentences to run consecutively. (Exhibit A, C. 4, 85, 109, 150) Defense counsel made no objection at the sentencing hearing. Griggs did not file a motion for a new trial or a motion to reconsider the sentence.

7. On direct appeal, Griggs argued that his convictions violated double jeopardy principles because the convictions arose out of the same act or occurrence and, therefore, the trial court erred when it sentenced him to two consecutive life sentences. On February 21, 2003, the Alabama Court of Criminal Appeals affirmed Griggs's conviction in a memorandum opinion. (Exhibit D) Griggs did not file an application for rehearing or petition the Alabama Supreme Court for certiorari review. Certificate of final judgment was issued by the appellate court on March 11, 2003. (Exhibit E) Ninety days later, on June 9, 2003, upon the expiration of time for Griggs to appeal to the United States Supreme Court, the

federal statute of limitation began to run. The federal statute of limitation expired on June 9, 2004.

8. On February 28, 2005, a notation was made on Grigg's case action summary that his Rule 32 petition was being held until his in forma pauperis status could be ruled upon. (Exhibit F) On March 16, 2005, the trial court issued an order denying Griggs in forma pauperis status and his Rule 32 petition was returned to him. (Exhibit F) Griggs filed a petition for writ of mandamus in the Alabama Court of Criminal Appeals, which was denied by the appellate court on April 6, 2005. (Exhibit G) Griggs filed the instant federal petition on August 11, 2005, and this action follows.

## EXHAUSTION

9. In O'Sullivan v. Boerckel, 526 U. S. 838 (1999), the United States Supreme Court held that, to satisfy the exhaustion requirement, a state prisoner must present his claims to a state supreme court in a petition for discretionary review when that review is part of the state's ordinary appellate review procedure. Griggs's claim that his convictions violate double jeopardy principles was raised by on direct appeal. Griggs did not, however, seek review of his claim in the Alabama Supreme Court. Therefore, under the criteria of O'Sullivan, Griggs has failed to exhaust his double jeopardy claim.

# MEMORANDUM BRIEF

### One-Year Period Of Limitation Under
### 28 U.S.C. §2244(d)

10. Griggs's petition is barred because it was not filed within the one-year statute of limitation. Title 28 U. S. C. §2244 (d) (1), enacted by Title I of the Antiterrorism and Effective Death Penalty Act of 1996, pub. L. No. 104-132, 110 Stat. 1214, provides for a one-year statute of limitation applicable to a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. This law became effective on April 24, 1996. The section specifically provides the following:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added.)

11. In his federal petition, Griggs claims that his convictions violate the prohibition against double jeopardy, because he was sentenced to two consecutive life sentences following his conviction of first-degree robbery and attempted murder. Specifically, Griggs argues that the convictions and sentences arose out of the same act or occurrence. This claim was raised by Griggs on direct appeal and rejected by the Alabama Court of Criminal Appeals, because the offense of first-degree robbery requires proof of elements that the offense of attempted murder does not. (Exhibit D) Griggs's claim, therefore, is without merit under Alabama law and his petition is barred under federal law, because it was filed outside the federal statute of limitation.

12. Griggs was brought to trial in the Russell County Circuit Court on charges that he shot and robbed Demetrius Jackson, a car salesman from Columbus, Georgia, of a Lincoln Navigator automobile during a test drive of the automobile in Russell County, Alabama. At the conclusion of trial, the jury returned a verdict finding Griggs guilty of first-degree robbery and attempted murder, as charged in the indictments. (Exhibit A, C. 3, 76-77; R. 156) On February 21, 2002, the trial court sentenced Griggs to life in the state penitentiary

in each case and ordered the sentences to run consecutively. (Exhibit A, C. 4, 85, 109, 150)

13. On February 21, 2003, the Alabama Court of Criminal Appeals affirmed Griggs's conviction in a memorandum opinion. (Exhibit D) Griggs did not file an application for rehearing or petition the Alabama Supreme Court for certiorari review. Certificate of final judgment was issued by the appellate court on March 11, 2003. (Exhibit E) Ninety days later, on June 9, 2003, upon the expiration of time for Griggs to appeal to the United States Supreme Court, the federal statute of limitation began to run. The federal statute of limitation expired on June 9, 2004.

14. On February 28, 2005, a notation was made on Grigg's case action summary that a Rule 32 petition was being held until his in forma pauperis status could be ruled upon. (Exhibit F) On March 16, 2005, the trial court issued an order denying Griggs in forma pauperis status and his Rule 32 petition was returned to him. (Exhibit F) The statute of limitation had already expired by the time that Griggs filed his Rule 32 petition, which was not a properly filed petition, because it was returned by the trial court. Griggs filed the instant federal petition on August 11, 2005, and this action follows.

15. For the purpose of the habeas corpus statute of limitation, a conviction becomes final when the time expires for a defendant to seek review in the United States Supreme Court. See: Coates v. Byrd, 211 F. 3d 1225, 1226-1227 (11th Cir.

2000). Pursuant to Coates v. Byrd, the statute of limitation began to run in Griggs's case on June 9, 2003, ninety days after the issuance of the certificate of judgment on direct appeal. Griggs did not file a Rule 32 petition and, on June 9, 2004, the federal statute of limitation expired. In February 2005, Griggs tried to file a Rule 32 petition, which was returned by the trial court after Griggs's application for in forma pauperis status was denied. By the time this occurred, however, the statute of limitation had already expired. Griggs's federal petition is plainly barred from review because it was filed more a year *after* the one-year statute of limitation expired. Griggs's petition is due to be denied on these grounds.

16. Furthermore, Griggs is not entitled to relief on his claim that the trial court erred in denying him in forma pauperis status. Griggs has failed to adequately raise any issue of constitutional dimension. The burden is on the petitioner in a habeas proceeding to prove his conviction was unconstitutional. Hill v. Lanahan, 697 F. 2d 1032, 1036 (11th Cir. 1983); Smith v. White, 815 F. 2d 1401, 1406 (11th Cir. 1987). The conclusory and incomplete allegations raised by Griggs in his petition are insufficient to raise an issue in a habeas proceeding. Schlang v. Heard, 609 F. 2d 796 (5th Cir. 1982); United States v. Jones, 614 F. 2d 80 (5th Cir. 1980). Absent a constitutional violation, the federal courts have no supervisory authority over state judicial proceedings. Chandler v. Florida, 449

U.S. 560, 570 (1981); Smith v. Phillips, 455 U.S. 209, 221 (1982). "The federal courts hold no supervisory power over state courts and may act to correct only wrongs of a constitutional dimension." Harris v. Rivera, 454 U.S. 339 (1981). Griggs is not entitled to relief on his claim that he was improperly denied in formal pauperis status, because other than making blanket assertions of error, he offers no proof in support of his claims.

Accordingly, Griggs's petition for writ of federal habeas corpus is due to be denied as barred by the one-year statute of limitation under 28 U.S.C. 2244(d).

## CONCLUSION

Based upon the foregoing, Griggs's petition for writ of habeas corpus attacking his convictions of first-degree robbery and attempted murder is due to be denied because the petition is barred by the federal statute of limitation.

Respectfully submitted,

Troy King
*Attorney General*

Jean A. Therkelsen
*Assistant Attorney General*

10

## EXHIBITS

A. Transcript, direct appeal, CR-01-1189.

B. Griggs's brief, direct appeal, CR-01-1189.[1]

C. State's brief, direct appeal, CR-01-1189.

D. Opinion of the Alabama Court of Criminal Appeals affirming Griggs's convictions, CR-01-1189.

E. Certificate of judgment, direct appeal, CR-01-1189.

F. Case action summary from the Russell County Circuit Court pertaining to Griggs's convictions.

G. Order of the Alabama Court of Criminal Appeals denying Grigg's petition for writ of mandamus.

---

[1] The State no longer has a copy of Griggs's direct appeal brief.

## CERTIFICATE OF SERVICE

I hereby certify that, on September 27, 2005, a copy of the foregoing was served on the Petitioner (excluding exhibits) by placing the same in the United States mail, first class postage prepaid, addressed as follows:

>Robert Austin Griggs
>AIS # 214046
>St. Clair Correctional Facility
>1000 St. Clair Road
>Springville, Alabama, 35146-9790

>Jean A. Therkelsen
>Assistant Attorney General

Address of Counsel:
Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152
(334) 242-7300
219815/83597-001

222058/84646-001