No. CR-01-1189

In the COURT of CRIMINAL APPEALS
Of ALABAMA

———————◆———————

AVERY L. GRIGGS,

*Appellant,*

v.

STATE OF ALABAMA,

*Appellee.*

———————◆———————

On Appeal From the Circuit Court of
Russell County (CC-01-252 & 253)

BRIEF OF APPELLEE

William H. Pryor Jr.
*Attorney General*

P. David Bjurberg
*Assistant Attorney General*

Jean A. Therkelsen *
*Assistant Attorney General*

Attorneys for Appellee

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300*

November 20, 2002          *Counsel of Record



EXHIBIT

C

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested. Rule 32 of the Alabama Rules of Appellate Procedure allows for the request of oral argument in all cases. According to Rule 32, oral argument is not proper if, among other situations,

> (3) The facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

Oral argument is not appropriate in the instant case because the facts and legal arguments are clearly set forth in the State's brief and will not be aided by oral presentation. The State, therefore, does not request oral argument.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT......................... i

TABLE OF CASES AND AUTHORITIES.......................... iii

STATEMENT OF THE CASE..................................... 1

ISSUE PRESENTED FOR REVIEW............................... 2

STATEMENT OF THE FACTS................................... 2

STANDARDS OF REVIEW...................................... 4

SUMMARY OF THE ARGUMENT.................................. 5

ARGUMENT................................................. 6

    I. Griggs's Convictions Of Robbery And Attempted
    Murder Do Not Violate The Prohibition Against
    Double Jeopardy. .................................... 6

CONCLUSION.............................................. 15

CERTIFICATE OF SERVICE................................. 16

## TABLE OF CASES AND AUTHORITIES

**Cases**

*Blockburger v. United States*, 284 U. S. 299 (1932)........ 6

*Burtram v. State*, 733 So. 2d 921 (Ala. Crim. App. 1998)... 9

*Burtram v. State*, 733 So. 2d 921 (Ala. Crim. App. 1998).. 10

*City of Rainbow City v. Ramsey*, 417 So. 2d 172 (Ala. 1982)

..................................................... 13

*Crosslin v. State*, 504 So. 2d 1225 (Ala. Crim. App. 1988) 13

*Dixon v. State*, 476 So. 2d 1236 (Ala. Crim. App. 1985)... 12

*Ex parte Dawson*, 675 So. 2d 905 (Ala. 1996)............. 10

*Ex parte Frith*, 526 So. 2d 880 (Ala. 1987).............. 13

*Ex Parte Howard*, 710 So. 2d 460 (Ala. 1997).............. 7

*Ex parte Wright*, 477 So. 2d 492 (Ala. 1985)............. 10

*King v. State*, 574 So. 2d 921 (Ala. Cr. App.1990)........ 10

*Knight v. State*, 675 So. 2d 487 (Ala. Cr. App.1995)...... 10

*Landreth v. State*, 600 So. 2d 440 (Ala. Crim. App. 1992). 13

*Pate v. State*, 601 So. 2d 210 (Ala. Crim. App. 1992).. 5, 12

*Powell v. State*, 631 So. 2d 289 (Ala. Cr. App.1993)....... 7

*State v. Leighton*, 645 So. 2d 354 (Ala. Crim. App. 1994).. 8

*State v. Patton*, 669 So. 2d 1002 (Ala. Crim. App. 1993).. 10

*United States v. Dixon*, 509 U. S. 688 (1993)............. 7

*Willis v. State*, 500 So. 2d 1324 (Ala. Crim. App. 1986).. 13

**Statutes**

Ala. Code §13A-4-2(a) (1975)............................. 11

Ala. Code §13A-6-2(a)(1) (1975)......................... 11

Ala. Code §13A-8-41 (1975).............................. 10

## STATEMENT OF THE CASE

Avery L. Griggs was brought to trial in the Russell County Circuit Court on charges that he shot and robbed Demetrius Jackson, a car salesman from Columbus, Georgia, of a Lincoln Navigator automobile during a test drive of the automobile in Russell County, Alabama.

On March 16, 2001, the Russell County Grand Jury issued indictments in case numbers CC-01-252 and CC-01-253 charging Griggs with first-degree robbery and attempted murder in violation of Ala. Code §§13A-8-41, 13A-4-2 and 13A-6-2 (1975). (C. 1, 5-6, 107, 111-112) Griggs entered a plea of not guilty and waiver of arraignment on October 31, 2001. (C. 3, 33, 37) On November 16, 2001, the cases were consolidated on motion of the State. (C. 1, 3, 11, 28, 107, 109, 119, 138)

The case came to trial before Judge George R. Greene on December 3, 2001. (C. 3) At the conclusion of trial, the jury returned a verdict finding Griggs guilty of first-degree robbery and attempted murder, as charged in the indictments. (C. 3, 76-77; R. 156) On February 21, 2002, the trial court sentenced Griggs to life in the state penitentiary in each case and ordered the sentences to run

consecutively. (C. 4, 85, 109, 150) Defense counsel made no objection at the sentencing hearing. Griggs did not file a motion for a new trial or a motion to reconsider the sentence. Notice of appeal was given on March 6, 2002 (C. 4, 95, 110, 154), and this action follows.

## ISSUE PRESENTED FOR REVIEW

Did Griggs's conviction and sentence violate the prohibition against double jeopardy?

## STATEMENT OF THE FACTS

On Saturday, August 26, 2000, Demetrius Jackson, a car salesman employed by Gateway Lincoln-Mercury in Columbus, Georgia, was approached at work by Avery Griggs, who told him that he was interested in purchasing one of the cars on the lot. (R. 23, 72) Griggs identified himself to the staff of the car dealership as "Al Thomas." (R. 72, 84-85) Demetrius Jackson spoke with Griggs about the automobile and Griggs left. (R. 29, 73)

Griggs returned that afternoon to test drive a white Lincoln Navigator automobile. (R. 29-30) Jackson accompanied Griggs on the test drive, sitting in the passenger seat while Griggs drove. (R. 32) Griggs drove the Navigator out of Georgia and into Alabama, traveling on

2

U.S. Highway 431. When Jackson told Griggs that it was
time to turn the automobile around and head back toward the
car dealership, Griggs pointed a black and silver handgun
at Jackson. (R. 35) Jackson screamed and tried to throw
himself out of the car, but was prevented from doing so
because his seat belt was fastened. (R. 36) Jackson
eventually succeeded in unfastening his seat belt and
opened the car door. (R. 36) Griggs shot Jackson with the
handgun as Jackson threw himself out of the car, which was
traveling at a speed of 70 miles per hour. (R. 36, 66)

Jesse McKinnon was traveling down Highway 431 behind
the white Lincoln Navigator and saw Jackson throw himself
out of the car. (R. 66-67) McKinnon stopped his car and
helped get Jackson to the hospital, where Jackson was
treated for a bullet wound. (R. 38, 66-67) Griggs shot
Jackson once in the arm. The bullet lodged next to
Jackson's spine. (R. 38)

At the hospital, Jackson gave the police a description
of his assailant. (R. 41) On October 19, 2001, Jackson
and his co-worker, Bryant Harris, were in the Peachtree
Mall in Columbus, Georgia. Harris, who was also present at
the car dealership on the day of the robbery, spoke to

3

Griggs that day.  (R. 41, 43-44, 75-76)  Harris spotted

Griggs in the mall and pointed him out to Jackson, stating,

"DJ, that's the guy right there that shot you." (R. 43)

Jackson recognized Griggs immediately as the man who shot

him.  (R. 43-44)  When Jackson and Griggs made eye contact,

Griggs turned and walked rapidly away.  (R. 44)  Jackson

called the police and also notified mall security.  (R. 45-

46, 79-80)  Griggs fled the mall but was apprehended by

mall security in the parking lot. (R. 45-47, 79-80)  Griggs

was subsequently taken into custody by the police.  (R. 94)

Demetrius Jackson identified Griggs as the man who shot

and robbed him.  (R. 93)  The stolen white Lincoln

Navigator was recovered by the police on September 1, 2000,

after the car was abandoned on Tenth Avenue in Birmingham,

Alabama.  (R. 109)  The car was positively identified as

the same car that was stolen from Demetrius Jackson.   (R.

109)

### STANDARDS OF REVIEW

1. The standard of review on double jeopardy is de

novo.  "On appeal, the ruling on a question of law carries

no presumption of correctness, and this Court's review is

de novo." *Moss v. Williams*, 2001 WL 1474350 (Ala. 2000).

4

Griggs's contention that his two consecutive life sentences
were improperly imposed by the trial court is not preserved
for appellate review, because no objection was made at the
sentencing hearing, or raised in a motion for new trial or
a motion to reconsider. "An issue which is raised for the
first time on appeal is not subject to appellate review,
because it has not been properly preserved and presented."
*Pate v. State*, 601 So. 2d 210, 213 (Ala. Crim. App. 1992).

## SUMMARY OF THE ARGUMENT

Griggs's contention that his conviction and sentence
violates the prohibition against double jeopardy is without
merit. The evidence required to support a conviction of
robbery and a conviction of attempted murder entails the
proof of different facts and elements so that the double
jeopardy prohibition is not implicated. The offenses of
first-degree robbery and attempted murder contain separate
statutory elements and require proof of facts, which the
other does not. First-degree robbery requires proof that
the defendant committed a theft by force while armed with a
deadly weapon or dangerous instrument. Attempted murder
requires proof that the defendant, with the intent to kill
another person, attempted to kill that person. Griggs's

convictions of the two offenses meet the *Blockburger* test
to defeat a claim of double jeopardy.  Furthermore,
Griggs's contention that his two consecutive life sentences
were improperly imposed by the trial court is not preserved
for appellate review, because no objection was made at the
sentencing hearing, or raised in a motion for new trial or
a motion to reconsider.

**ARGUMENT**

**Griggs's Convictions Of Robbery And Attempted Murder Do
Not Violate The Prohibition Against Double Jeopardy.**

Griggs argues for the first time on direct appeal that
his convictions of first-degree robbery and attempted
murder arose out of the same act and, therefore, the trial
court erred in sentencing him to two consecutive life
sentences in violation of the prohibition against double
jeopardy.

In *Blockburger v. United States*, 284 U. S. 299 (1932),
the United States Supreme Court stated that, for purposes
of barring successive prosecutions, "where the same act or
transaction constitutes a violation of two distinct
statutory provisions, the test to be applied to determine
whether there are two offenses or only one, is whether each
provision requires proof of an additional fact which the

other does not." Id. at 304.  Under *Blockburger*, if each

offense requires proof of some additional element that the

other does not then the offenses are separate and do not

implicate double jeopardy principles.  *Powell v. State*, 631

So. 2d 289 (Ala. Crim. App. 1993).

   *United States v. Dixon*, 509 U. S. 688 (1993), re-

established *Blockburger* as the sole test for evaluating a

claim of double jeopardy.  "(W)here the same act or

transaction constitutes a violation of two distinct

statutory provisions, the test to be applied to determine

whether there are two offenses or one, is whether each

provision requires proof of a fact which the other does

not." *Blockburger*, 284 U. S. at 304.  "In other words, if

each offense contains an element not contained in the

other, the two offenses are not the same and the double

jeopardy rule does not bar any additional prosecution or

punishment." *Ex Parte Howard*, 710 So. 2d 460, 462 (Ala.

1997), *quoting Dixon*, 509 U. S. at 696.  "(I)f each offense

with which a defendant is charged requires proof of some

additional fact that the other does not, then the offenses

are separate offenses for the purpose of a double jeopardy

determination and the defendant may be tried for each

offense." *State v. Leighton*, 645 So. 2d 354, 355 (Ala. Crim. App. 1994).

Similar claims of double jeopardy have been raised in cases where a defendant is charged and convicted of multiple counts of capital murder. In those cases this Court has stated:

> The test in determining whether the charges run afoul of the Double Jeopardy Clause is whether each crime contains a statutory element not contained in the other. *Blockburger v. United States*, 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932); See also *United States v. Dixon*, 509 U. S. 688, 113 S. Ct. 2849, 125 L. Ed.2d 556 (1993) (a plurality of the United States Supreme Court reaffirmed the *Blockburger* test as the sole criterion for judging double jeopardy claims); *Seritt v. State*, 647 So. 2d 1 (Ala. Crim. App.), cert. denied, 647 So. 2d 1 (Ala. 1994)."
>
> *Williams v. State*, 710 So. 2d 1276, 1321, (Ala. Crim. App. 1996), aff'd, *Ex parte Williams*, 710 So. 2d 1350 (Ala. 1997) (convictions upheld for the capital offense of murder committed during the course of a robbery in the first degree, and the capital offense of murder of two or more persons by one act or pursuant to one scheme or course of conduct); *Seritt v. State*, 647 So. 2d 1 (Ala. Crim. App. 1994) (convictions on two counts of capital murder arising out of the killing of one person upheld: commission of an intentional killing when defendant had previously been convicted of murder in the preceding 20 years and intentional killing during the course of first-degree burglary); *Powell v. State*, 631 So. 2d 289

(Ala. Crim. App. 1993) (convictions on two
counts of capital murder arising out of the
killing of one person upheld:  murder during a
robbery and murder during a burglary);
*Merriweather v. State*, 629 So. 2d 77 (Ala.
Crim. App. 1993) (convictions on two counts of
capital murder arising out of the killing of
one person upheld: murder during the
commission of a robbery in the first degree
and murder during the commission of burglary);
*Ex parte Haney*, 603 So. 2d 412 (Ala. 1992)
(convictions on two counts of capital murder
arising out of the killing of one person
upheld: murder for hire and murder during a
robbery); *Stewart v. State*, 601 So. 2d 491
(Ala. Crim. App. 1992), aff'd in part, rev'd
in part, 659 So. 2d 122 (Ala. 1993)
(convictions on two counts of capital murder
arising out of the killing of one person
upheld: murder during the course of a burglary
and murder during the course of a kidnapping);
*Ex parte Henderson*, 583 So. 2d 305 (Ala. 1991)
(murder during a robbery and murder committed
for pecuniary gain); *Ex parte McWilliams*, 640
So. 2d 1015 (Ala. 1993), aff'd, after remand,
666 So. 2d 90 (Ala. 1995) (two counts of
murder made capital because murder occurred
during a robbery and one count of murder made
capital because murder occurred during a
rape.)

*Burtram v. State*, 733 So. 2d 921, 923-24 (Ala. Crim.

App. 1998).

In a small number of cases, usually those implicating

the principles surrounding lesser-included offenses and

collateral estoppel, the appellate courts of this state

have explicitly rejected a strict "elements" approach to

the lesser-included/same offense determination, and have

9

implicitly recognized the *Blockburger* test as a "floor" rather than a "ceiling" for "same offense" definitions. *Ex parte Wright*, 477 So. 2d 492, 494 (Ala. 1985); *King v. State*, 574 So. 2d 921, 930 (Ala. Crim. App. 1990); *State v. Patton*, 669 So. 2d 1002, 1004 (Ala. Crim. App. 1993) (Bowen, J., concurring specially); *Knight v. State*, 675 So. 2d 487, 497 (Ala. Crim. App. 1995); *Burtram v. State*, 733 So. 2d 921, 925 (Ala. Crim. App. 1998) (Baschab, J., concurring specially). In these cases, the Courts have held that the *Blockburger* test should be applied in the light of the particular facts of the case and not to the elements of the crime in the abstract. *State v. Patton*, 669 So. 2d at 1005.

In spite of appellate counsel's contention that the same act and set of facts gave rise to the attempted murder charge and to the robbery charge, the evidence required to support each statutory offense entails the proof of additional facts so that the double jeopardy prohibition is not implicated. *Ex parte Dawson*, 675 So. 2d 905, 907 (Ala. 1996). Griggs was indicted in Russell County Circuit Court on charges of first-degree robbery, which is defined under Ala. Code §13A-8-41 (1975), as follows:

### §13A-8-41.  Robbery in the first degree.

(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43[1] and he:

(1) Is armed with a deadly weapon or dangerous instrument; or

(2) Causes serious physical injury to another.

Sections 13A-4-2(a) and 13A-6-2(a)(1) of the Code of Alabama (1975), define the offense of attempted murder:

### §13A-4-2.  Attempt.

(a) A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense.

### §13A-6-2.  Murder.

(a) A person commits the crime of murder if:

(1) With intent to cause the death of another person, he causes the death of that person or of another person.

The offenses of first-degree robbery and attempted murder contain separate statutory elements and require proof of facts, which the other does not.  First-degree robbery requires proof that the defendant committed a theft by force while armed with a deadly weapon or dangerous

---

[1] Section 13A-8-43 of the Code of Alabama (1975), states that a person commits the crime of robbery in the third degree if, in the course of committing a theft, he uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance.

11

instrument.   Attempted murder requires proof that the
defendant, with the intent to kill another person,
attempted to kill that person. Avery Griggs robbed Jackson
at gunpoint of a Lincoln Navigator automobile.   During the
course of such robbery, Griggs intentionally pointed his
handgun at Jackson and pulled the trigger.   The only thing
that saved Jackson from a fatal gunshot wound to the head
was the fact that he opened the door and jumped out of the
speeding vehicle.   Griggs's convictions of the two offenses
meet the *Blockburger* test to defeat a claim of double
jeopardy.

     Since Griggs's claim of double jeopardy fails herein,
his underlying claim regarding the propriety of his two
consecutive life sentences is barred from appellate review,
because it is raised for the first time on direct appeal.
It is axiomatic that review is limited on appeal to matters
properly and timely raised in the court below.   *Dixon v.
State*, 476 So. 2d 1236, 1239 (Ala. Crim. App. 1985).   "An
issue which is raised for the first time on appeal is not
subject to appellate review, because it has not been
properly preserved and presented."   *Pate v. State*, 601 So.
2d 210, 213 (Ala. Crim. App. 1992).   "A criminal defendant

is limited on appeal to the specific ground raised in support of an objection or motion at trial and new grounds cannot be raised on appeal." *Id.*, citing *Washington v. State*, 555 So. 2d 347 (Ala. Crim. App. 1989). "It is for the trial court . . . to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings." *Willis v. State*, 500 So. 2d 1324, 1324 (Ala. Crim. App. 1986).[2] Even constitutional issues may be waived on appeal. *Crosslin v. State*, 504 So. 2d 1225, 1226 (Ala. Crim. App. 1988). "The trial court may not be put in error for failure to rule on a matter which was not presented to it or decided by it." *City of Rainbow City v. Ramsey*, 417 So. 2d 172, 174 (Ala. 1982). "Review on appeal is limited to matters as to which the trial court makes adverse rulings." *Landreth v. State*, 600 So. 2d 440, 445 (Ala. Crim. App. 1992). The trial court will not be put in error on grounds not assigned at trial. *Ex parte Frith*, 526 So. 2d 880, 882 (Ala. 1987).

Griggs's claim that the trial court lacked jurisdiction to sentence him to two consecutive life sentences under the principles of double jeopardy is without merit. Therefore,

---

[2] *Willis v. State*, 500 So. 2d 1324 (Ala. Crim. App. 1986), concerned claims on appeal from a guilty plea.

13

his claim regarding the propriety of his sentences is not
preserved for appellate review.

Accordingly, the trial court is due to be affirmed.

**CONCLUSION**

For the above-stated reasons, this Court should affirm Griggs's convictions and sentence.

Respectfully submitted,

William H. Pryor Jr.
*Attorney General*

P. David Bjurberg
*Assistant Attorney General*
By:

Jean A. Therkelsen
*Senior Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 20, 2002, a copy of the foregoing was served on the attorney for the appellant by placing the same in the United States mail, first class postage prepaid, addressed as follows:

Honorable N. Kirkland Pope
P. O. Box 849
Phenix City, Alabama 36868


Jean A. Therkelsen
Assistant Attorney General

Address of Counsel:
Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152
(334) 242-7300
81854/38910-001

16