# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

*Therkelsen*
*38910*



RELEASED
FEB 21 2003
CLERK
ALA COURT OF CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-01-1189           Russell Circuit Court CC01-252; CC01-253

Avery Griggs v. State of Alabama

COBB, Judge.

Avery Griggs was convicted of first-degree robbery and attempted murder, violations of §§ 13A-8-41, 13A-4-2 and 13A-6-2, Ala. Code 1975. He was sentenced to life imprisonment for each conviction with the sentences to run consecutively. This appeal followed.

Demetrius Jackson, a Georgia Gateway Lincoln-Mercury car salesman, accompanied Griggs on a test drive of a Lincoln Navigator automobile. Griggs drove from Georgia into Alabama. At one point, Jackson told Griggs that he needed to turn around and go back to the dealership. Griggs pointed a gun at Jackson. Jackson jumped out of the vehicle. As Jackson exited the vehicle, Griggs shot Jackson in the arm.

Griggs argues that his convictions violate double jeopardy principles because the convictions arose out of the same act or occurrence and, therefore, the trial court erred when it sentenced him to two consecutive life sentences. This

EXHIBIT
D

Court noted in Ivey v. State, 698 So. 2d 179 (Ala. Crim. App. 1995), aff'd, 698 So. 2d 187 (Ala. 1997):

> "'The "same evidence [or element]" test of Blockburger [v. United States, 284 U.S. 299 (1932)] is stated as follows: 'Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Blockburger, 284 U.S. at 304, 52 S.Ct. at 182.' State v. Patton, 669 So. 2d 1002, 1004 (Ala. Crim. App. 1993)."

698 So. 2d at 183.

The statute defining the offense of first-degree robbery states:

> "A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
>
>> "(1) Is armed with a deadly weapon or dangerous instrument..."

Section 13A-8-41(a), Ala. Code 1975.

> "A person commits the crime of robbery in the third degree if in the course of committing a theft he:
>
>> "...
>>
>> "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."

Section 13A-8-43(a), Ala. Code 1975.

> "A person is guilty of an attempt to commit a crime, if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense."

2

Section 13A-4-2(a), Ala. Code 1975.

"A person commits the crime of murder if:

"(1) With intent to cause the death of another person, he causes the death of that person or of another person...."

Section 13A-6-2(a)(1), Ala. Code 1975.

After carefully reviewing the statutes, we conclude that Griggs's convictions for both first-degree robbery and attempted murder, under the facts of this case, did not violate double jeopardy principles. The offense of first-degree robbery requires proof of elements that the offense of attempted murder does not require, and the offense of attempted murder requires proof of elements that the offense of first-degree robbery does not require. Specifically, first-degree robbery, as charged in the indictment, requires proof that Griggs acted in the course of committing a theft, threatened the imminent use of force, and acted with the intent to compel acquiescence to the taking of or escaping with the victim's property. The offense of attempted murder does not require proof of these elements. Attempted murder is established by proof that Griggs shot at the victim intending to cause his death. The offense of first-degree robbery does not require proof of these elements. Applying <u>Blockburger</u> to the facts of this case, first-degree robbery and attempted murder are properly punishable as separate offenses. Each offense requires proof of an element that the other does not.

Griggs also contends that his sentences for attempted murder and first-degree robbery violated the prohibition against double jeopardy. Specifically, he argues that he cannot be sentenced for both convictions because they arose out of the same course of conduct.

Alabama law allows multiples sentences for multiple offenses committed during the same course of conduct. In <u>Ex parte Dawson</u>, 675 So. 2d 905 (Ala. 1996), the Alabama Supreme Court stated:

"[M]ultiple punishments for multiple statutory offenses do not violate the prohibition against double jeopardy where each statutory offense requires proof of an additional fact that the other

3

statutory offenses do not require. <u>Blockburger v. United States</u>, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In other words, as long as each statutory offense requires proof of additional facts, the double jeopardy prohibition is not implicated."

675 So. 2d at 907.[1]

Even though the charges against Griggs arose out the same course of conduct, the convictions were for separate offenses under <u>Blockburger</u>. Therefore, no error occurred when the trial court sentenced Griggs to two life sentences.

Based on the foregoing, the judgment of the trial court is affirmed.

AFFIRMED.

McMillan, P.J., and Shaw, and Wise, JJ., concur. Baschab, J., concurs in the result.

---

[1] Alabama recognizes an exception to the <u>Blockburger</u> test--cases involving theft-burglary situations. These cases hold that a defendant cannot be sentenced for theft and burglary arising out of the same course of conduct. See <u>Ex parte McKelvey</u>, 630 So. 2d 56 (Ala. 1992). Since this case involves neither theft nor burglary, this exception is inapplicable.

4