IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AVERY GRIGGS,<br>AIS # 221719,<br><br>    Petitioner,<br><br>vs.<br><br>GWENDOLYN MOSLEY, et al.,<br><br>    Respondents. | CIVIL ACTION NO.<br>3:05-CV-782-A |

**SUPPLEMENTAL ANSWER**

Come now the Respondents, by and through the State of Alabama and, pursuant to this Court's order issued on September 30, 2005, make the following supplemental answer regarding the Rule 32 petition filed by Griggs in the Russell County Circuit Court:

1. On March 4, 2005, Griggs filed a request for informa pauperis status in the Russell County Circuit Court. (Exhibit H) On March 16, 2005, Russell County Circuit Court Judge George R. Greene issued an order denying Griggs's request for informa pauperis status on grounds that Griggs had sufficient income to pay the filing fee. (Exhibit I)

2. On March 16, 2005, Griggs's Rule 32 petition was returned to him. (Exhibit H) Griggs filed a writ of mandamus in the Alabama Court of Criminal

Appeals, which was denied by that Court on April 8, 2005. (Exhibit H) Griggs filed an application for rehearing on his petition for writ of mandamus, which was overruled by the appellate court on April 21, 2005. (Exhibit H)

3. The Russell County Circuit Clerk's Office does not have a copy of Griggs's Rule 32 petition. The petition was returned to Griggs by the trial court upon denial of his application of informa pauperis status. If such petition still exists, it is in Griggs's possession. Griggs's petition did not toll the federal statute because it was not a properly filed Rule 32 petition. See: Artuz v. Bennett, 531 U.S. 4, 11 (2000). In Artuz, the Court held a petition "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filing ... [such as] the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, *and the requisite filing fee*" despite the fact the claims might be procedurally barred for other reasons. For example, a state post-conviction petition that is time barred under state law is not properly filed because it does not comply with time limits for filing.

4. Furthermore, Griggs is not entitled to relief on his claim that the trial court erred in denying him in forma pauperis status. Griggs has failed to adequately raise any issue of constitutional dimension. The burden is on the petitioner in a habeas proceeding to prove his conviction was unconstitutional. Hill v. Lanahan, 697 F. 2d 1032, 1036 (11th Cir. 1983); Smith v. White, 815 F. 2d

2

1401, 1406 (11th Cir. 1987). The conclusory and incomplete allegations raised by Griggs in his petition are insufficient to raise an issue in a habeas proceeding. Schlang v. Heard, 609 F. 2d 796 (5th Cir. 1982); United States v. Jones, 614 F. 2d 80 (5th Cir. 1980).

Accordingly, Griggs's petition for writ of federal habeas corpus is due to be denied as barred by the one-year statute of limitation under 28 U.S.C. 2244(d).

## CONCLUSION

Based upon the foregoing, Griggs's petition for writ of habeas corpus attacking his convictions of first-degree robbery and attempted murder is due to be denied because the petition is barred by the federal statute of limitation.

    Respectfully submitted,

    Troy King (KIN047)
    Attorney General
    By:


    s/Jean A. Therkelsen
    Jean A. Therkelsen
    Assistant Attorney General

## EXHIBITS

H.  Case action summary.

I.  Order of the trial court denying Grigg's application for informa pauperis status and returning his Rule 32 petition.

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing (excluding exhibits) to the following non-CM/ECF participants: Avery Griggs, AIS #221719, Easterling Correctional Facility, P. O. Box 10, Clio, Alabama, 36017-0010.

           s/Jean A. Therkelsen
           Jean A. Therkelsen
           Office of the Attorney General
           Alabama State House
           11 South Union
           Montgomery, AL  36130-0152
           Telephone: (334) 242-7300
           Fax: (334) 242-2848
           E-Mail: JTherkelsen@ago.state.al.us

227000