IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AVERY GRIGGS, #221719, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-CV-782-A |
| ) | |
| GWENDOLYN C. MOSLEY, et al., ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Avery Griggs ["Griggs"], a state inmate, on August 11, 2005. In this petition, Griggs challenges convictions for robbery and attempted murder imposed upon him by the Circuit Court of Russell County, Alabama on December 3, 2001. By operation of law, these convictions became final in March of 2003.

Pursuant to the orders of this court, the respondents filed an answer and supplement thereto in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] The respondents contend that because the petitioner's convictions became final in March of 2003 -- **after** the effective date of the statute of limitations -- Griggs must have filed his § 2254

---

[1] Title 28 U.S.C. § 2244(d)(1) sets forth the one-year period of limitation. This section is contained within the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which became effective on April 24, 1996.

petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. The respondents acknowledge that Griggs filed a state post-conviction petition in February of 2005. However, it is clear that this petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was therefore not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *see also Respondents' September 28, 2005 Answer* at 7 ("The statute of limitation had already expired by the time that Griggs filed his Rule 32 petition [in February of 2005], which was not a properly filed petition, because it was returned by the trial court" after the court denied Griggs leave to proceed *in forma pauperis* and Griggs failed to pay the requisite filing fee.).

Upon review of the pleadings filed in this case and applicable case law, it appears that the instant petition for habeas corpus relief is precluded from review by this court as it was filed outside the pertinent period of limitation.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. The Circuit Court of Russell County convicted Griggs of

robbery and attempted murder on December 3, 2001. The trial court imposed consecutive life sentences for these convictions on February 21, 2002. Griggs filed a direct appeal and the Alabama Court of Criminal Appeals affirmed the robbery and attempted murder convictions on February 21, 2003. *See Respondents' Exhibit D - Memorandum Opinion on Direct Appeal*. Griggs did not further appeal these convictions and the appellate court therefore issued the certificate of judgment March 11, 2003.[2] *See Respondents' Exhibit E*. Since Griggs failed to seek relief from the Alabama Supreme Court, he relinquished the right to file a petition for certiorari with the United States Supreme Court and the time for seeking review of his convictions therefore lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme -- fourteen (14) days from the denial of the motion for rehearing. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, the petitioner's robbery and attempted murder convictions became final, at the latest, on March 11, 2003 and the one-year limitation period contained in section 2244(d)(1)(A) began to run

---

[2] Where further action is not undertaken upon a ruling by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's opinion. Rule 41(a), *Alabama Rules of Appellate Procedure*.

on this date.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Griggs filed a Rule 32 petition in February of 2005, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[3] The law is well settled that "even 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is therefore clear that the state post-conviction petition filed by the petitioner in February of 2005 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259. In light of the foregoing, the court concludes that the one-year period of limitation began to run for Griggs on March 11, 2003 and ran uninterrupted until it expired on March 11, 2004.

---

[3] Griggs filed this Rule 32 petition almost two years after § 2244(d)'s one-year period of limitation had expired.

Griggs filed his federal habeas petition on August 11, 2005. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Griggs filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before November 21, 2005 the petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 31st day of October, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE