IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AVERY GRIGGS, #221719, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05cv782-WHA |
| | ) |
| GWENDOLYN C. MOSLEY, *et al.,* | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is now before the court on a petition for habeas corpus relief filed on August 11, 2005,[1] pursuant to 28 U.S.C. § 2254. In this petition, Griggs challenges his convictions for robbery in the first degree and attempted murder entered against him by the Circuit Court of Russell County, Alabama on December 3, 2001. These convictions became final by operation of law on March 11, 2003. The respondents answered and filed documents relevant to a disposition of the issues raised in this case. Upon review of the pleadings filed in this case, the court concludes that no evidentiary hearing is required and that the petition is due to be denied pursuant to 28 U.S.C. § 2244(d) in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

It is clear from the evidentiary materials filed by the respondents that Griggs'

---

[1] Although the instant habeas petition was not "filed" in this court until August 15, 2005, the petition was signed by the petitioner on August 11, 2005. A pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Griggs' petition] was delivered to prison authorities the day he signed it . . ." *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001). In light of the foregoing, the court concludes that August 11, 2005 should be considered the date of filing.

convictions became final in June 2003 -- **after** the effective date of the one-year statute of limitations contained in 28 U.S.C. § 2244(d) which provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Griggs must have filed his § 2254 petition within one year of his convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. The respondents concede that Griggs filed a state post-conviction petition on February 28, 2005. However, they argue that this petition did not toll the one-year period of limitation because it was filed after the expiration of the limitation period and, therefore, was not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.

2000). Consequently, the respondents argue that the applicable limitation period expired prior to the filing of this petition, and, thus, the instant federal habeas petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged conviction expires. Griggs was convicted of robbery in the first degree and attempted robbery in the Circuit Court of Russell County, Alabama on December 3, 2001. On February 21, 2002, Griggs was sentenced to consecutive terms of life imprisonment on each count. On March 6, 2002, Griggs filed a direct appeal in the Alabama Court of Criminal Appeals. On February 21, 2003, the Alabama Court of Criminal Appeals affirmed his convictions and sentences. Griggs did not seek further appellate review of his convictions, and the Alabama Court of Criminal Appeals issued the certificate of judgment on March 11, 2003.[2] Since Griggs did not fully pursue his direct appeal and failed to seek relief from the Alabama Supreme Court, he waived his right to file a petition for certiorari with the United States Supreme Court. Consequently, the time for seeking relief on his convictions lapsed upon expiration of the time for filing a request for rehearing in the appellate court – fourteen (14) days from the issuance of the order by the Alabama Court of Criminal Appeals dismissing his appeal. ALA. R. APP. PR. 39(c)(1). *See also Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); SUP. CT. R. 13.1 (a petition for writ of certiorari to the United States Supreme Court may only be filed

---

[2] Where further action is not undertaken upon a ruling by the appellate court, the certificate of judgment issues eighteen (18) days after the issuance of the court's opinion. ALA. R. APP. PR. 41(a).

to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court.) Thus, the court concludes that Griggs's conviction became final, at the latest, on March 11, 2003. Therefore, he had one year from that date – until March 10, 2004 – to file a federal habeas corpus petition, unless the court finds that the limitation period was tolled due to a pending state post-conviction application for relief.

"The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The record demonstrates that Griggs filed his Rule 32 petition in state court on February 28, 2005 – almost a year after the limitation period had expired. This petition was not, therefore, pending during the running of the limitation period as it was filed after expiration of the limitation period. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster*, 199 F.3d at 1259. *See also Tinker*, 255 F.3d at 1335. n.4 ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.") It is therefore clear that the state post-conviction petition filed by Griggs in February 2005 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259. Consequently, the court concludes that the one year limitation period within which Griggs

4

had to file a federal habeas petition expired on March 10, 2004.[3]

Griggs filed the instant habeas corpus petition on August 11, 2005. Under the circumstances of this case as outlined herein, the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired well over a year before Griggs filed his § 2254 petition. Consequently, the court concludes that the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Griggs filing the instant § 2254 petition and, thus, his petition is time-barred.

On October 31, 2005, the court ordered Griggs to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period. On February 15, 2006, Griggs filed a non-responsive reply to the court's order in which he contends that the trial court denied him access to the courts and prohibited him from pursuing his Rule 32 petition by denying him *in forma pauperis* status. To the extent that Griggs is arguing that the trial court's improper denial of *in forma pauperis* status somehow tolls the limitation period in this court, that argument is unavailing. Griggs' attempt to file his Rule 32 petition in state court on February 28, 2005 came almost a year after the limitation period in this court had already expired. Consequently, this attempt to proceed in state court has no effect on the running of the limitation period in this court. Griggs makes no argument nor presents any reason to the court that would justify his failure

---

[3] The court notes that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000). However, there is nothing before the court which demonstrates the presence of "extraordinary circumstances" to warrant an "equitable tolling" of the limitation period.

to file his petition prior to the expiration of the limitation period. Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired on March 10, 2004, well over one year before Griggs filed his federal habeas petition. Because Griggs did not file in this court until August 11, 2005, his petition is time-barred and this court may not address the merits. The court further concludes that the petitioner has failed to show cause why his petition should not be dismissed.

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner. It is

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 1, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of April, 2006.

        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE